# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| RICHARD DOYLE WILLINGHAM | § | |
| | § | |
| V. | § | CASE NO. 4:12-CV-00242 |
| | § | |
| COMMISSIONER OF SOCIAL | § | |
| SECURITY ADMINISTRATION | § | |

## MEMORANDUM OPINION AND ORDER OF
## UNITED STATES MAGISTRATE JUDGE

The Plaintiff brings this appeal under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner denying his claim for Disability Insurance Benefits ("DIB"). After carefully reviewing the briefs submitted by the parties, as well as the evidence contained in the administrative record, the Court finds that the Commissioner's decision should be **AFFIRMED**

## HISTORY OF THE CASE

Plaintiff protectively filed an application for Supplemental Security Income disability benefits under Title XVI of the Social Security Act on March 28, 2008, claiming entitlement to disability benefits due to chronic obstructive pulmonary disease, problems with his left lung and spine, memory loss, seizures, blurred vision, headaches, knots on his left foot and right breast area, chest pains, and breathing problems. Plaintiff's application was denied initially and on reconsideration. Pursuant to Plaintiff's request, a hearing was held before an Administrative Law Judge (ALJ) in Paris, Texas on November 19, 2009. Plaintiff was represented by counsel at the proceeding. At the hearing, Plaintiff and the ALJ's vocational expert, Melissa Brassfield, testified.

On February 24, 2010, the ALJ denied Plaintiff's claim, finding Plaintiff "not disabled." Plaintiff requested Appeals Council review, which the Appeals Council denied. Therefore, the

February 24, 2010 decision of the ALJ became the final decision of the Commissioner for purposes of judicial review under 42 U.S.C. § 405(g). *See* 20 C.F.R. § 404.981 (2005).

## ADMINISTRATIVE LAW JUDGE'S FINDINGS

After considering the record, the ALJ made the prescribed sequential evaluation. The ALJ made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2010.

2. The claimant has not engaged in substantial gainful activity since April 30, 2007, the amended alleged onset date (20 C.F.R. 404.1571 *et seq.* and 416.971 *et seq.*).

3. The claimant has the following severe impairments: degenerative joint disease/degenerative disc disease of thoracic and lumbar spine: obesity; chronic obstructive pulmonary disease; intralobar pulmonary sequestration status-post lobectomy; pseudo-seizures secondary to anxiety; obstructive sleep apnea; history of hernia surgery; amnestic disorder; major depressive disorder; anxiety disorder/post-traumatic stress disorder; personality disorder; and history of polysubstance abuse (20 C.F.R. 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift and/or carry a maximum of twenty pounds occasionally and ten pounds frequently; to stand and/or walk for at least six hours during an eight-hour workday and to sit for at least six hours total during an eight-hour workday. He can perform only occasional stooping and must avoid concentrated exposure to fumes/odors/dusts/gases/poor ventilation. He is unable to work around hazards, including no driving as part of work. He must perform simple, routine, repetitive tasks and can have only superficial contact with co-workers, supervisors, and the general public. In other words, I find claimant can perform less than the full range of light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b).

6. The claimant is unable to perform any past relevant work (20 C.F.R. 404.1565 and 416.965).

7. The claimant was born on July 31, 1961, and was 43 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 C.F.R. 404.1563 and 416.963).

8. The claimant has a limited education and is able to communicate in English (20 C.F.R. 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocation Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (*See* SSR 82-41 and 20 C.F.R. Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 C.F.R. 404.1569, 404.1569(a), 416.969, and 416.969(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from April 30, 2007, through the date of this decision (20 C.F.R. 404.1520(g) and 416.920(g)).

(Tr. 26-37).

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision of no disability is limited to two inquiries: whether the decision is supported by substantial evidence in the record, and whether the proper legal standards were used in evaluating the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). If supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* at 401. The Court may not reweigh the

evidence in the record, try the issues *de novo*, or substitute its judgment for that of the Commissioner. *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1995). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The Court is not to substitute its judgment for that of the Commissioner, and reversal is permitted only "where there is a conspicuous absence of credible choices or no contrary medical evidence." *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983).

The legal standard for determining disability under Titles II and XVI of the Act is whether the claimant is unable to perform substantial gainful activity for at least twelve months because of a medically determinable impairment. 42 U.S.C. §§ 423(d), 1382c(a)(3)(A); *see also Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). In determining a capability to perform "substantial gainful activity," a five-step "sequential evaluation" is used, as described below.

## SEQUENTIAL EVALUATION PROCESS

Pursuant to the statutory provisions governing disability determinations, the Commissioner has promulgated regulations that establish a five-step process to determine whether a claimant suffers from a disability. 20 C.F.R. § 404.1520 (1987). First, a claimant who, at the time of his disability claim, is engaged in substantial gainful employment is not disabled. 20 C.F.R. § 404.1520(b) (1987). Second, the claimant is not disabled if his alleged impairment is not severe, without consideration of his residual functional capacity, age, education, or work experience. 20 C.F.R. § 404.1520(c) (1987). Third, if the alleged impairment is severe, the claimant is considered disabled if his impairment corresponds to an impairment described in 20 C.F.R., Subpart P, Appendix 1 (1987). 20 C.F.R. § 404.1520(d) (1987). Fourth, a claimant with a severe

impairment that does not correspond to a listed impairment is not considered to be disabled if he is capable of performing his past work. 20 C.F.R. § 404.1520(e) (1987).

At the fifth step, it must be determined whether claimant could perform some work in the national economy. A claimant who cannot return to his past work is not disabled if he has the residual functional capacity to engage in work available in the national economy. 20 C.F.R. § 404.1529(f) (1987); 42 U.S.C. § 1382(a).

At this juncture, the burden shifts to the Commissioner to show that there are jobs existing in the national economy which Plaintiff can perform, consistent with his medically determinable impairments, functional limitations, age, education, and work experience. *See Bowen v. Yuckert*, 482 U.S. 137 (1987). Once the Commissioner finds that jobs in the national economy are available to the claimant, the burden of proof shifts back to the claimant to rebut this finding. *See Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990).

In this case, a determination was made at the fifth step.

## **ANALYSIS**

Plaintiff brings two points of error. The first point of error is that the ALJ's decision was legally insufficient because he did not follow the regulatory scheme to rate Willingham's anxiety/ Post Traumatic Stress Disorder. Federal regulations require that the ALJ follow mandatory steps when evaluating the severity of mental impairments in claimants, which is known as the "special technique." *See* 20 C.F.R. § 404.1520a. In evaluating mental disorders, the ALJ first considers whether a claimant has a medically determinable mental impairment. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00; 20 C.F.R. § 404 .1520a(b)(1). To do so, the ALJ must specify the symptoms, signs, and laboratory findings that substantiate the presence of each impairment. 20 C.F.R. §

5

404.1520a(b)(1); *Boyd v. Apfel,* 239 F.3d 698, 705 (5th Cir. 2001). For most Listings, the regulations require the ALJ to evaluate the degree of functional limitation resulting from the claimant's mental impairments pursuant to criteria identified in paragraphs A, B, and sometimes C of the adult mental disorders contained in the Listings. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00; 20 C.F.R. § 404.1520a(b)(2) & (c).

"Paragraph B" contains four broad functional areas: 1) activities of daily living; 2) social functioning; 3) concentration, persistence, or pace;[1] and 4) episodes of decompensation. 20 C.F.R. § 404.1520a(c)(3); *see* 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00C.[2] After the ALJ rates the degree of functional limitation resulting from any mental impairment, the ALJ determines the severity of such impairment. 20 C.F.R. § 404.1520a(d). If the degree of functional loss falls below a specified level in each of the four areas, the ALJ must find the impairment is not severe at Step Two of the sequential evaluation process, which generally concludes the analysis and terminates the proceedings. 20 C.F.R. § 404.1520a(d) (1). If the ALJ finds that the mental impairment is severe at Step Two, then the ALJ must determine at Step Three if it meets or equals a listed mental disorder of the Listing. 20 C.F.R. § 404.1520a(d) (2).[3] To determine if it meets or is equivalent in severity

---

[1] The category of concentration, persistence or pace refers to the ability to sustain focused attention and concentration to permit the timely and appropriate completion of tasks commonly found in work settings. 20 C.F.R. Part 404, Subpart P., App. 1, § 12.00C(3).

[2] The ALJ's written decision must incorporate pertinent findings and conclusions based on the technique and must include a specific finding of the degree of limitation in each of the functional areas described. 20 C.F.R. § 404.1520a(e)(4).

[3] A claimant will be found to have a listed impairment "if the diagnostic description in the introductory paragraph [of the Listing] and the criteria of both paragraphs A and B (or A and C, when appropriate) of the listed impairment are satisfied." 20 C.F.R. Pt. 4, Subpt. P, App. 1 §

6

to a listed mental disorder, the ALJ must compare the medical findings about the claimant's impairment and the rating of the degree of functional limitation to the criteria of the appropriate listed mental disorder. 20 C.F.R. § 404.1520a(d)(2). If the impairment is severe but does not meet or equal a listed mental impairment, then the ALJ must conduct an RFC assessment. 20 C.F.R. § 404.1520a(d)(3); *see Boyd,* 239 F.3d at 705.

The ALJ, in a thorough decision, found that Plaintiff here did not have an impairment or combination of impairments that meets or equals a listed impairment in 20 CFR Part 404, Subpart P, Appendix 1. He then went on to find that Plaintiff's mental impairments, considered singly and in combination do not meet or medically equal the criteria of listings 12.04 and 12.09. Noting that Plaintiff failed to meet the "Paragraph B" criteria, he discussed his reasoning at length. Therefore, the question simply put is whether the ALJ's failure to mention the Part B criteria as to Listing 12.06 requires a reversal and remand.

The Court finds that the ALJ did consider the Paragraph B criteria as to Listing 12.06. In his opinion, the ALJ states that the mental residual function capacity assessment used at Steps 4 and 5 of the sequential evaluation process requires a more detailed assessment by itemizing various functions contained in the broad categories found in Paragraph B of the adult mental disorders listings in 12.00 of the Listing of Impairments. Plaintiff's counsel maintains that, since the impairment was deemed to be severe, it must be separately discussed under the Paragraph B criteria. This is simply not necessary.

---

12.00A. "The criteria in paragraph A substantiate medically the presence of a particular mental disorder." *Id.* "The criteria in paragraphs B and C describe impairment-related functional limitations that are incompatible with the ability to do any gainful activity." *Id.*

7

Plaintiff's counsel cites to an unpublished opinion in support of his position. In *Satterwhite v. Barnhart*, 44 Fed.Appx. 652 (5th Cir. 2002), the ALJ made a specific finding that Plaintiff's IQ was not severe. The ALJ, however, made no express findings on her claim of depression. The Court held that the ALJ erred in not evaluating Satterwhite's claims of depression according to the procedures described in Section 404.1520(a).

In the instant case, the ALJ specifically found that Plaintiff's anxiety was a severe impairment. He did not specifically address the Paragraph B criteria in determining whether it met a listing, but he did reference his finding that his RFC determinations reflected the degree of limitation he found in Paragraph B mental function analysis as to the adult mental disorders Listings in 12.00 of the Listing of Impairments.

If Plaintiff cannot meet the Paragraph B criteria for one 12.00 Listing, he cannot meet such for any 12.00 Listing. *See Bryant v. Astrue*, 2012 WL 4339099 (S.D. Miss. 2012). The Listings are virtually identical.[4] In *Bordelon v. Astrue*, 281 Fed. Appx. 418 (5th Cir. 2008), the Fifth Circuit in

---

[4] Listing 12.06(A) requires the claimant to meet at least one of the following: (1) "Generalized persistent anxiety accompanied by three out of four of the following signs or symptoms: a. Motor tension; or b. Automatic hyperactivity; or c. Apprehensive expectation; or d. Vigilance and scanning"; (2) A persistent irrational fear of a specific object, activity, or situation which results in a compelling desire to avoid the dreaded object, activity, or situation"; (3) "Recurrent severe panic attacks manifested by a sudden unpredictable onset of intense apprehension, fear, terror and sense of impending doom occurring on the average of at least once a week"; (4) "Recurrent obsessions or compulsions which are a source of marked distress"; or (5) "Recurrent and intrusive recollections of a traumatic experience, which are a source of marked distress." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.06(A). Listing 12.06(B) requires the claimant to meet at least two of the following: (1) "Marked restriction of activities of daily living"; (2) "Marked difficulties in maintaining social functioning"; (3) Marked difficulties in maintaining concentration, persistence, or pace"; or (4) "Repeated episodes of decompensation, each of extended duration." Alternatively, a claimant may meet Listing 12.06(C) by showing that she is completely unable "to function independently outside the area of [her] home." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.06(B)-(C).

an unpublished opinion noted that the ALJ does not err by failing to specifically consider a Listing if the record evidence shows that the claimant did not meet the criteria. In that case, the Fifth Circuit reasoned that, where the ALJ did not specifically address Listing 12.06, such was not necessary because the claimant could not satisfy Paragraph B of Listing 12.04.

Although Plaintiff does not argue that the ALJ should have evaluated the C criteria of 12.06 independently, Plaintiff has simply put forth no evidence that he could satisfy the C criteria of 12.06 For Listing 12.06, a claimant must demonstrate complete inability to function independently outside the area of one's home. As the ALJ noted, Plaintiff visits his parents and attended several doctor appointments unaccompanied. His narrative further notes that he does go out and shop, occasionally visits with friends, will walk outside for short periods of time, and sometimes drives, although he has been advised not to do so. TR 182-189. Although Plaintiff demonstrated a non-frivolous mental impairment, the ALJ's failure to recite Listing 12.06 is harmless error since Plaintiff could not prove that he met the Paragraph B criteria for Anxiety and has not argued nor shown that he could meet the C criteria. The ALJ's reasons are amply supported and are not mere bare conclusions which prevent meaningful review. *See Audler v. Astrue*, 501 F.3d 446,448 (5th Cir. 2007). Plaintiff's first point of error is overruled.

Plaintiff's second point of error is that the ALJ failed to apply the standards of SSR 02-1p in light of his finding that Plaintiff's obesity was a severe impairment. Therefore, Plaintiff argues that the RFC determination cannot stand. Other than finding that Plaintiff had a severe impairment of obesity, there is no other mention in the record about Plaintiff's obesity. The ALJ did note Plaintiff's degenerative conditions, apnea, and COPD which are all conditions that can be aggravated

by obesity. The question is whether this failure to separately discuss is fatal to the RFC found by the ALJ.

In his hearing, Plaintiff testified that he was 5'11' and weighed 231 pounds. TR 60. He also testified that he had lost about 20 pounds in the year before the hearing. *Id.* The Court notes that later medical records indicate his weight fluctuated considerably. There is at least one reference to the fact that he should lose weight and one of the later records furnished indicated he was obese. However, the ALJ specifically found this.

Plaintiff cites *Walford v. Astrue*, 2011 WL 2313012 (N.D. Tex. 2011) for the proposition that, where an ALJ fails to comply with SSR 02–1p, courts generally find that the claimant has been prejudiced unless: (1) the ALJ limits the claimant to sedentary work, or (2) the record is totally devoid of medical evidence establishing any obesity-related limitations. *See, e.g., Bassett v. Astrue*, No. 4–09–CV–0142–A, 2010 WL 2891149 at *13 (N.D.Tex. Jun.25, 2010), *rec. adopted,* 2010 WL 2912251 (N.D.Tex. Jul.20, 2010) (denying relief in part due to plaintiffs failure to identify evidence indicating that obesity limited her ability to function at work); *Edrano v. Astrue*, No. A–09–CA–584–SS, 2010 WL 2522202 at *6 (W.D.Tex., Jun.17, 2010) (no prejudice resulted from failure to explain whether obesity caused any physical limitations where ALJ limited plaintiff to only sedentary work); *Gannon v. Astrue,* No. 3–07–CV–1057–N, 2008 WL 4490738 at *9 (N.D.Tex. Oct.3, 2008) (plaintiff failed to show prejudice where residual functional capacity assessments did not indicate that obesity caused any limitations).

SSR 02-1p provides that the ALJ will consider any functional limitations resulting from obesity in the RFC assessment, in addition to any limitations resulting from any other physical or mental impairments identified. But the same rule also provides that "[o]besity in combination with

another impairment *may or may not* increase the severity or functional limitations of the other impairment." *Id.*

While the Fifth Circuit "has expressed a strong preference for requiring the social security administration to follow its own internal procedures," the Court of Appeals also requires "a showing that the claimant was prejudiced by the agency's failure to follow a particular rule before such a failure will be permitted to serve as the basis for relief from an ALJ's decision." *Shave v. Apfel,* 238 F.3d 592, 597 (5th Cir. 2002). Here, even if the ALJ erred by failing to discuss independently the effect of Plaintiff's obesity as related to his other impairments, Plaintiff has not shown that he was prejudiced. Nothing in the record suggests that Plaintiff's obesity caused greater limitations than those set forth in the RFC assessment, and therefore no basis exists for concluding that the ALJ's failure to properly consider Plaintiff's obesity would have changed the outcome of the disability determination. The error was, at most, harmless. *See Johnson v. Astrue,* 2010 WL 26469, at *6 (N.D.Tex. 2010).

The ALJ notes several factors in his decision. He notes that Plaintiff could ambulate freely and that several studies only revealed mild degenerative conditions which had been long standing. He notes that Plaintiff was encouraged to lose weight for his apnea problem. He notes that Plaintiff's EMG exam was essentially normal. In the records, Plaintiff's 2009 consultation with Dr. Edenhoffer notes that he is "moderately heavy set build." TR 565.

Although the ALJ did not specifically discuss whether Plaintiff's obesity increased the severity of his other impairments to the degree that they might meet a Listing, he did note that no combination of the severity of his impairments met the Listing requirements at step 3. SSR 02–1p does not state obesity necessarily causes any additional function limitations; rather, it provides

obesity *can* cause such limitations. *See* SSR 02–1p ("Obesity *can* cause limitation of function.... An individual *may* have limitations in any of the exertional functions such as sitting, standing, walking, lifting, carrying, pushing, and pulling. It *may* also affect ability to do postural functions, such as climbing, balance, stooping, and crouching.") (emphasis added). SSR 02–1p also provides:

> [The Social Security Administration] will not make assumptions about the severity or functional effects of obesity combined with other impairments. Obesity in combination with another impairment *may* or *may not* increase the severity or functional limitations of the other impairment. We will evaluate each case based on the information in the case record.

Consequently, the ALJ is not required to find any particular limitations of functions because of Willingham's obesity. Plaintiff's second point of error is overruled.

Pursuant to the foregoing, the Court ORDERS that the decision of the Administrative Law Judge be **AFFIRMED.**

**SO ORDERED.**
**SIGNED this 14th day of March, 2014.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE